UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| KARLA HURTADO, Derivatively on Behalf of PROVECTUS BIOPHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> H. CRAIG DEES, *et al.*, <br><br> Defendants. <br><br> PROVECTUS BIOPHARMACEUTICALS, INC. <br><br> Nominal Defendant. | Civil Action No. 3:14-cv-00372-PLR-HBG |
| PAUL MONTIMINY, Derivatively on Behalf of PROVECTUS BIOPHARMACEUTICALS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> H. CRAIG DEES, *et al.*, <br><br> Defendants, <br><br> and, <br><br> PROVECTUS BIOPHARMACEUTICALS, INC., <br><br> Nominal Defendant. | Civil Action No. 3:14-cv-00503-PLR-HBG |

**[PROPOSED] ORDER CONSOLIDATING ACTIONS
AND APPOINTING LEAD AND LIAISON COUNSEL**

Having considered the papers filed in support of the Motion by Plaintiffs Karla Hurtado ("Hurtado") and Paul Montiminy ("Montiminy") (collectively, the "Plaintiffs") to consolidate Civil Action 3:14-cv-00372-PLR-HBG with Civil Action 3:14-cv-00503-PLR-HBG, and for good cause shown, the Court hereby enters the following Order:

**Consolidation of Related Actions**

The above-captioned derivative actions pending in this Judicial District are hereby consolidated for all purposes pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Any actions that have been filed, or may be filed, which are related and which may be considered herewith, are collectively referred to as "*In re Provectus Biopharmaceuticals, Inc. Derivative Litig.*" ("Consolidated Action"). Upon good cause shown, **IT IS HEREBY ORDERED THAT**:

**Master Docket and Master File**

A Master File is hereby established for the proceedings in the action. The docket number for the Master File shall be Master File No.: 3:14-cv-00372-PLR-HBG. The original of this Order shall be filed by the Clerk in the Master File.

A Master Docket is hereby established for proceedings of the derivative litigation herein and for any related derivative actions filed in or transferred to this Court and consolidated herewith for all purposes (hereinafter, the "Consolidated Action"). Entries in the Master Docket shall be applicable to the Action as more fully set forth below. The Clerk of the Court shall file all pleadings in any of the actions in the Master File and shall note such filing in the Master Docket. No further copies need be filed or docket entries made.

The terms of this Order shall not have the effect of making any person, firm or corporation a party to any action in which he, she or it has not been named, served or added as such in accordance with the Federal Rules of Civil Procedure.

**Newly Filed or Subsequently Filed or Transferred Actions**

If a derivative action related to the same subject matters as this Action is hereafter filed in this Court or transferred here from another Court, the Clerk of this Court shall:

File a copy of this Order in the separate file for such action;

1. Notify all counsel of record of the filing or transfer of such action;

2. Make an appropriate entry in the Master Docket;

3. Mail to counsel of record in the newly filed or transferred case a copy of this Order; and

4. Upon the first appearance of any new defendants, mail to the attorneys for the defendants in such newly filed or transferred case a copy of this Order.

All counsel shall assist the Clerk of the Court by calling to the attention of the Clerk the filing or transfer of any case that might properly be consolidated with this Action.

This Order shall apply to each derivative action that is subsequently filed in or transferred to this Court that arises out of or is related to the same general facts and claims alleged in the complaints in this Action, unless a party objecting to the consolidation of such case or to any other provision of this Order shall, within ten (10) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant the application. The provisions of this Order shall apply to such action pending the Court's ruling on the application.

Unless a plaintiff in a subsequently filed or transferred case is permitted by the Court to utilize a separate complaint, defendants shall not be required to answer, plead, or otherwise move with respect to the complaint in any such case. If a plaintiff in any such case is permitted to utilize a separate complaint, each defendant shall have thirty (30) days within which to answer, plead, or otherwise respond with respect to any such complaint.

**Organization of Plaintiffs' Counsel**

Plaintiffs' selection of Harwood Feffer LLP and Gainey McKenna & Egleston as co-lead counsel ("Co-Lead Counsel") and the Bramlett Law Offices, as Liaison Counsel ("Liaison Counsel") is approved.

Co-Lead Counsel is hereby vested by the Court with the following responsibilities and duties in connection with this Action:

1. To direct and coordinate the briefing and arguing of motions;

2. To direct and coordinate the initiation and conduct of discovery proceedings, including, but not limited to, requests for production of documents and/or third party subpoenas;

3. To direct and coordinate the examination of witnesses in depositions and oral interrogatories;

4. To act as spokesperson at pretrial conferences;

5. To call meetings of plaintiffs' counsel as appropriate or necessary from time to time;

6. To direct the preparation for a trial of this matter and to delegate work responsibilities to selected counsel as may be required in such a manner as to lead to the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort;

7. To direct and coordinate the conduct of pre-trial, trial and post-trial proceedings;

8. To consult with and employ experts;

9. To coordinate and collect monthly time and expense reports from all plaintiffs' attorneys in this Action;

10. To initiate and conduct any settlement negotiations with counsel for defendants; and

11. To perform such other duties as may be expressly authorized by further order of the Court.

No motion, request for discovery, or other pre-trial proceedings shall be initiated or filed by any plaintiff except through Co-Lead Counsel.

Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in this Action.

Co-Lead Counsel are hereby designated as the counsel for plaintiffs upon whom all notices, orders, pleadings, motions, discovery, and memoranda may be served and defendants shall effect service of papers on plaintiffs by serving Co-Lead Counsel.

If Defendants file a single pleading or other paper directed to all plaintiffs in this Action, the response on behalf of plaintiffs shall be made in a single pleading or other paper to be served by Co-Lead Counsel. All plaintiffs in this Action shall be bound by that pleading or paper.

The organizational structure established by this Order shall bind counsel for plaintiffs in this Action or any subsequently filed cases consolidated therewith.

Plaintiffs, through Co-Lead Counsel, shall file a consolidated complaint (the "Consolidated Complaint") within 30 days of the entry of this Order.

Defendants shall answer or otherwise respond to the Consolidated Complaint within 30 days after its service.

SO ORDERED this 29th day of DECEMBER 2014.

_____
Judge